UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 4:18-cr-264 |
| v. | ) |
| | ) PLEA AGREEMENT |
| THEODORE ERIC WATSON, | ) |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, THEODORE ERIC WATSON, and Defendant's attorney, enter into this Plea Agreement.

**A.    CHARGES**

1.    Subject Offenses.  Defendant will plead guilty to Counts 1 and 3 of the Indictment. Count 1 charges mail fraud, in violation of Title 18, United States Code, Section 1341. Count 3 charges embezzlement and theft of labor union assets, in violation of Title 29, United States Code, Section 501(c).

2.    Charges Being Dismissed.  If the Court accepts this Plea Agreement, Counts 2 and 4 of the Indictment will be dismissed at the time of sentencing.

3.    No Further Prosecution.  The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation.  This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement or (2) any crime of violence.

**B.    MAXIMUM PENALTIES**

4.    Maximum Punishment.  Defendant understands that Count 1 is subject to a maximum sentence of up to 20 years in prison; a maximum fine of $250,000; and a term of supervised release of up to 3 years.  Count 3 is subject to a maximum sentence of up to 5 years in

1

prison; a maximum fine of $250,000; and a term of supervised release of up to 3 years. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. Defendant understands that these sentences may be imposed consecutively.

    5.    Supervised Release--Explained.  Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to 2 years in prison, without any credit for time previously served.

    6.    Detention.  Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

**C.    NATURE OF THE OFFENSE -- FACTUAL BASIS**

    7.    Elements Understood.  Defendant understands that to prove the offense alleged under **Count 1 (Mail Fraud)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a)    Defendant voluntarily and intentionally devised or made up a scheme to defraud another out of money or property by means of material false misrepresentations or promises as described in the Indictment;

    (b)    Defendant did so with intent to defraud; and

    (c)    Defendant used or caused to be used the mail in furtherance of or in an attempt to carry out some essential step in the scheme.

Defendant further understands that to prove the offense alleged under **Count 3 (Embezzlement and Theft of Labor Union Assets)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a)    Defendant was an officer or a person employed, directly or indirectly, by a labor organization;

    (b)    Such labor organization was engaged in an industry affecting interstate commerce and was subject to the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, et seq;

    (c)    Defendant embezzled, stole, abstracted, or converted to his own use, or to the use of a third party, the moneys, funds, or property of such labor organization; and

    (d)    Defendant acted unlawfully and willfully with fraudulent intent.

8.    <u>Factual Stipulations.</u> Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to each subject offense. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9.    <u>Waiver of Rule 410 Rights.</u> The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis or Attachment A, are admissible against the Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10.     Venue.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.    SENTENCING**

11.     Sentencing Guidelines.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)     The nature of the offenses to which Defendant is pleading guilty;

(b)     The amount of money involved;

(c)     Whether sophisticated means were used to commit all or part of the offense;

(d)     Whether Defendant abused a position of trust or used a special skill;

(e)     The nature and extent of Defendant's criminal history (prior convictions); and

(f)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.     Acceptance of Responsibility.  The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1.  The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office,

4

attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. <u>Presentence Report.</u>  Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports.</u> The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges that he knows about and understands this order.

15. <u>Evidence at Sentencing.</u>  The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises.</u>  This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.  Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.  Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.  Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea.</u>  Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E.   FINES, COSTS, AND RESTITUTION**

18. <u>Fines and Costs.</u>  Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19. <u>Special Assessment.</u>  Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20. <u>Restitution.</u>  Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in

making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

21.   Financial Statement.   Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

**F.   LIMITED SCOPE OF AGREEMENT**

22.   Limited Scope of Agreement.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

23.   Agreement Limited to Southern District of Iowa.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24.   Victims not a party to this Agreement.   Defendant understands that victims are not a party to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that victims may have against Defendant. Defendant understands that victims remains free to pursue all lawful civil remedies it may deem appropriate.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

25. <u>Trial Rights Explained.</u> Defendant understands that this guilty plea waives the right to:

    (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

    (d) Confront and cross-examine adverse witnesses;

    (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26. <u>Waiver of Appeal and Post-Conviction Review.</u> Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do

not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

**H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

27. <u>Voluntariness of Plea.</u> Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

   (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

   (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

   (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

   (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. <u>Consultation with Attorney.</u> Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

   (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

   (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

   (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

29. <u>Entire Agreement.</u>  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30. <u>Public Interest.</u>  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31. <u>Execution/Effective Date.</u>  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J. SIGNATURES

32. <u>Defendant.</u>  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.  I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.  I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

4-5-19
Date

[signature]
THEODORE ERIC WATSON

33.   **Defendant's Attorney.**   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

4/5/2019
Date

J. Keith Rigg
Attorney for Watson

317 Sixth Avenue, Suite 1300
De Moines, IA   50309
Telephone:   (515) 284-7930

34.   **United States.**   The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

4/15/19
Date

By:   Debra L. Scorpiniti
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone:   515-473-9300
Telefax:   515-473-9292
E-mail: debra.scorpiniti@usdoj.gov

Attachment "A"

STIPULATION OF FACTS

1. From sometime in 2007 until September 28, 2016, Defendant THEODORE ERIC WATSON (hereinafter "WATSON") was employed full time as the Business Manager, an officer position, for Local 74 of the International Association of Heat and Frost Insulators and Allied Workers, AFL-CIO (hereinafter "Local 74").

2. During this time, Local 74 represented approximately 50 members in Iowa and Northern Missouri.

3. Local 74 is, and was at all times material, a Labor Organization engaged in the insulation business affecting interstate commerce and subject to the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, et seq.

4. From in or about May 2013, until on or about January 14, 2016, WATSON, voluntarily and intentionally devised or made up a scheme to defraud the United Way of Central Iowa out of money or property by means of false misrepresentations or promises.

5. WATSON, purporting to act on behalf of Local 74, emailed requests for payment seeking grant funds for training adults from United Way of Central Iowa.

6. In truth and in fact, no such training occurred as he then well knew.

7. WATSON caused to be mailed through the United States Postal Service checks in payment of these fraudulent requests for payment to the Local 74 office, Des Moines, Iowa, one such check was mailed by United Way of Central Iowa, Des Moines, Iowa, to the Local 74 office on or about January 14, 2014, in the amount of $19,000, an essential step in the scheme.

8. Defendant took the above actions with an intent to defraud.

9. From in or around May 2013, to on or about September 28, 2016, WATSON embezzled, stole, abstracted, or converted money and property of Local 74 to his own use.

10. WATSON did so by using a Local 74 credit card to make unauthorized purchases and cash advances and then concealing this activity by submitting altered credit

card statements and false monthly reports to the Local 74 Executive Board.

11. WATSON also did so by opening a bank account in the name of Local 74 and depositing Local 74 funds into that account from December 2013 through January 2016, all unknown by Local 74, which funds he then used for his own use.

12. In taking these actions described in paragraphs 9-11, WATSON acted unlawfully and willfully with fraudulent intent.

13. Defendant agrees that one or more of the acts constituting the offense charged in Counts 1 and 3 of the indictment occurred in the Southern District of Iowa.

14. Defendant hereby certifies that the facts set forth above are true and accurate to the best of Defendant's knowledge.

4-5-19
Date

THEODORE ERIC WATSON
Defendant

4/5/209
Date

J. Keith Rigg
Attorney for WATSON

Marc Krickbaum
United States Attorney

4/15/19
Date

By: _____
Debra L. Scorpiniti
Assistant United States Attorney

13